# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6646 | **DATE** | 4/17/2002 |
| **CASE TITLE** | Decos vs. Jojo Motors, Inc. et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Decos' motion (Doc 5-1) for summary judgment is granted in its entirety. Plaintiff to notice on the Court's motion call, her motion to award damages along with affidavits in support of such award. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | APR 1 8 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | Docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 02 APR 17 PM 4:14 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


TANIA DECOS,                          )
                                      )
                    Plaintiff,        )
                                      )
        vs.                           )        01 C 6646        **DOCKETED**
                                      )
JOJO MOTORS, INC., and                )                        APR 1 8 2002
TETEOLA LAPITE,                       )
                                      )
                    Defendants.       )


## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the court is a motion for summary judgment brought by Plaintiff Tania

Decos. For the following reasons, the motion is granted.

## BACKGROUND

Pursuant to Rule 36 of the Federal Rules of Civil Procedure and Local Rule 56.1,

the following facts are uncontested. Defendant Jojo Motors ("Jojo") purchased a 1994

Dodge Intrepid (vehicle identification number 2B3ED4GTORH166211) at auction in

April 2000. Defendant Teteola Lapite ("Lapite") is the sole owner and president of Jojo

Motors. At the time the car was purchased, its odometer reading was 138,200. While

Jojo had ownership of the vehicle, Lapite's sister took the vehicle to Midway Dodge

("Midway"). She was informed of wiring problems that inhibited the odometer from

working correctly and declined repairs. Lapite and Jojo knew that the odometer was not

working correctly. In August, Plaintiff Tania Decos ("Decos") purchased the car from

Jojo. Jojo certified the mileage as 138,411 on the retail installment contract. Lapite

signed the contract certifying the mileage on the car. The correct mileage on the car

was not 138,411 at the time Decos bought it, and Decos was not notified that the displayed mileage was incorrect. In addition, Decos was not given a copy of the title certificate before the sale was completed. Furthermore, Jojo did not provide Decos with a statement of the lending terms before the completion of the transaction in a form she could keep.

Approximately two months after purchasing the vehicle, Decos began having transmission problems and brought the car to Midway. Midway examined the car and indicated that there was a faulty wiring problem. The faulty wiring prevented the odometer from accurately recording the mileage. Midway reported to Decos that the actual mileage was 190,563, that the car had been examined by Midway in June, and that the person who brought the car in during June declined repairs.

Decos filed a three-count complaint against both Jojo and Lapite, alleging violations of the Federal Odometer Act (49 U.S.C. § 32701 *et seq.*), the Illinois Vehicle Code (625 ILCS 5/3-112.1), and the Truth in Lending Act (15 U.S.C. § 1601 *et seq.*).

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, depositions, interrogatories, admissions on file, and any affidavits show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only when there is "sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Once a motion for summary judgment has been made, the opposing party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Although reasonable inferences will be drawn in favor of the non-movant, a scintilla of evidence in favor of the non-movant's position

is not sufficient to oppose summary judgment. <u>Tolle v. Carroll Touch, Inc.</u>, 23 F.3d 174, 178 (7th Cir. 1994). All facts included in the movant's statement of material facts, as required under Local Rule 56.1, will be deemed admitted if not controverted by the opposing party in a responding statement. L.R. 56.1(b)(3).

Furthermore, Federal Rule of Civil Procedure 36 allows a party to serve written requests for admission upon another party. If the opposing party does not respond or object to the requests to admit within thirty days, the matter is deemed admitted. Fed. R. Civ. P. 36(a). Any matter that is admitted is conclusively established unless the court grants a motion to withdraw or amend the admission by the opposing party. Fed. R. Civ. P. 36(b). The purpose of the rule is to narrow the issues at trial by identifying and eliminating the issues on which the parties agree. <u>United States v. Kasuboski</u>, 834 F.2d 1345, 1350 (7th Cir. 1987). Rule 36 allows parties to request admissions on a wide range of fact and law, including applications of fact to law and ultimate facts. <u>In re Carney</u>, 258 F.3d 415, 419 (5th Cir. 2001). Moreover, default admissions under Rule 36 may form the basis for a summary judgment. <u>Kasuboski</u>, 834 F.2d at 1350. While recognizing the potentially harsh result of this rule, the Seventh Circuit has also recognized its necessity. <u>Id.</u> Decos served Jojo and Lapite with Requests for Admissions on January 7, 2002. Answers were due within thirty days of that date in order to avoid default admissions. They have not answered the request; the facts contained within the requests are deemed admitted. Fed. R. Civ. P. 36(a).

## DISCUSSION

### A. Federal Odometer Act

Under the Motor Vehicle Information and Cost Savings Act ("Federal Odometer Act"), a transferor of a vehicle is required to disclose either the cumulative mileage

registered on the odometer, or that the actual mileage is unknown if the transferor knows that the odometer reading is different from the actual number of miles the car has traveled. 49 U.S.C. § 32705. A plaintiff may recover under the Federal Odometer Act if the transferor has failed to disclose the accurate mileage with the intent to defraud the transferee. 49 U.S.C. § 32710. A transferor under this section is someone who "transfers ownership of a motor vehicle by sale, gift, or any means other than by the creation of a security interest, and any person who, as agent, signs an odometer disclosure statement for the transferor." 49 C.F.R. § 580.3. Thus, in order to prevail under the Federal Odometer Act, the plaintiff must show both a violation of the Act and the intent to defraud. Jones v. Hanley Dawson Cadillac, 848 F.2d 803, 805-06 (7th Cir. 1988).

First, it is uncontroverted that Jojo and Lapite knew the odometer in the vehicle it sold Decos was not working correctly. In her Requests for Admissions, Decos asked them to admit that they knew the odometer reading was incorrect in August of 2000, when they sold the vehicle to Decos. Req. for Adm., ¶¶ 7, 8. In addition, the Requests asked for an admission that Lapite and Jojo certified the mileage as 138,411 and that this was not the correct mileage at the time. Id., ¶¶ 2-6. The Request was left unanswered and is deemed admitted. Fed. R. Civ. P. 36(a). Furthermore, these factual allegations also appeared in Decos' Statement of Uncontested Facts, which are deemed admitted "unless controverted by the opposing party." L.R.56.1. The 56.1 statement also includes a statement that Lapite's sister was informed of the wiring problem and declined repairs. Stmt. of Uncont. Facts, ¶ 19. Finally, Lapite is a transferor under the act as alleged in Decos' uncontested 56.1 Statement. Id., ¶ 10. Thus, Jojo and Lapite conclusively admitted that Lapite is a transferor under the Act, that Lapite's sister was

informed of the wiring problem and declined repairs, and that they had actual knowledge that the mileage was incorrect as certified. Under the Federal Odometer Act, if the defendant knows that the odometer reading is incorrect, he must disclose that the mileage is unknown. 49 U.S.C. § 32705. By knowingly disclosing an inaccurate odometer reading, Lapite and Jojo have violated the Federal Odometer Act.

Second, Decos must show that the above violation was committed with the intent to defraud. 49 U.S.C. § 32710; Hanley Dawson Cadillac, 848 F.2d at 805-06. All reasonable inferences must be drawn in favor of the nonmovant; however, the court is "not required to draw every conceivable inference from the record—only those inferences that are reasonable." Bank Leumi Le- Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991). Although mere negligence will not support an inference that the defendant acted with the intent to defraud, a plaintiff may recover when the defendant's actions were due to either, gross negligence or a reckless disregard for the facts. See Haynes v. Manning, 917 F.2d 450, 453 (10th Cir. 1990) (indicating that the majority of courts conclude that reckless disregard is enough to prove intent to defraud); Ray Kim Ford v. Dolour Daoud, 750 F. Supp. 327, 327 (N.D. Ill. 1990).

Despite the intent requirement, courts have granted summary judgment in favor of plaintiffs under the Federal Odometer Act. For instance, in Terry v. Whitlock, the defendant inaccurately reported the mileage on a car he sold to the plaintiff. 102 F. Supp. 2d 661, 662 (W.D. Va. 2000). The mileage certification to the plaintiff was inaccurate despite the fact that the defendant himself had filed two documents with the state indicating the mileage at 100,000 miles higher. Id. The defendant argued that he did not actually know that the car's mileage was in excess of what he reported to the plaintiff. Id. at 663. In granting the plaintiff's summary judgment motion, however, the

court noted that the defendant had constructive knowledge that the mileage was in excess of what he reported and was therefore civilly liable to the plaintiff. Id. The court stated:

> A transferor may not close his eyes to the truth. If a transferor reasonably should have known that a vehicle's odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded, a court may infer that he understood the risk of such an occurrence . . .

Id. (quoting Nieto v. Pence, 578 F.2d 640, 642 (5th Cir. 1978)).

In this case, by not responding to either the Requests for Admissions or the Statement of Uncontested Facts, Jojo and Lapite have admitted that they knew the mileage was incorrect and certified it to Decos despite that knowledge. Neither Lapite nor Jojo disputes that it had actual knowledge of the incorrect odometer reading. No reasonable jury could infer that they did not have the intent to defraud; they admitted that they knew the mileage on the car was incorrect. Stmt. of Uncont. Facts, ¶ 15. In addition, they admit that a faulty wiring problem was prohibiting the odometer from working correctly and that Lapite's sister took the car to Midway and was informed of the problem but declined repairs. Id., ¶¶ 17, 18. Jojo and Lapite admit, in essence, that they acted intentionally in certifying the inaccurate mileage report to Decos. Their actions were in reckless disregard of the facts and amounted to an intent to defraud as a matter of law. See Terry, 102 F. Supp. 2d at 663.

## B. Illinois Vehicle Code

Decos next asks that we grant summary judgment on her second count under the Illinois Vehicle Code. Section 5/3-112.1 of the Illinois Vehicle Code provides that when executing a transfer of title, the form must provide, among other things, the actual mileage at the time of transfer or that the mileage is not accurate. 625 ILCS 5/3-

112.1(b)(1). In addition, the transferee must sign the title form indicating that he is aware of the odometer certification. 625 ILCS 5/3-112.1(c). A transferor is subject to liability for a violation of any provision in the section with the intent to defraud. 625 ILCS 5/3-112.1(e). Liability under this section is determined in the same manner as under the Federal Odometer Act. Buechin v. Ogden Chrysler-Plymouth, Inc., 511 N.E.2d 1330, 1339 (Ill. App. Ct. 1987).

Again, by not responding to the Requests for Admissions or the Statement of Uncontested Facts, Jojo and Lapite have admitted several key facts. First, they admit they knew the odometer was not working correctly and that the mileage reported on the retail contract was not correct. Req. for Adm., ¶¶ 7-10. In addition, they admitted that Decos did not sign the title form and that she did not see the title certificate prior to purchasing the vehicle. Id., ¶¶ 11-12. Finally, as mentioned above, they were aware that Lapite's sister took the car to Midway and that the car had a wiring problem causing the odometer to malfunction. Stmt. of Uncont. Facts, ¶¶ 18-19.

In Buechin, the court noted that liability may be imposed when a defendant's statements are made "without reasonable grounds for belief in their truth." 511 N.E.2d at 1339. Even drawing all inferences in favor of the nonmovant, it is clear that Jojo and Lapite made statements without reasonable belief in their truth because they had actual knowledge that the certification was incorrect. In addition, prohibiting Decos from signing the title form is a second violation of the Illinois Vehicle Code. As with the previous count, no reasonable jury could infer that Jojo and Lapite acted without the intent to defraud; liability also lies under the Illinois Vehicle Code.

## C. Truth in Lending Act

Finally, Decos asks that we grant summary judgment on her third count under the Truth in Lending Act ("TILA"). The TILA requires, among other things, that a lender in a consumer credit transaction disclose certain details of the terms of the financing agreement. 15 U.S.C. § 1638(a). For instance, the creditor must disclose the amount of money financed, the borrower's right to obtain a written statement of the itemized amount financed, and the finance charge. Id. The purpose of the TILA is to ensure that consumers receive meaningful disclosures of credit terms to avoid uninformed use of credit buying practices. 15 U.S.C. § 1601(a). To fulfill this purpose, the TILA requires that consumers be informed of the terms of credit before the credit is extended. 15 U.S.C. § 1601(b); 12 C.F.R. § 226.17(b) (Regulation Z). This timing requires that the lender disclose the terms before the borrower "becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). Additionally, the creditor must make the disclosures "clearly and conspicuously in writing, in a form the consumer may keep." 12 C.F.R. § 226.17. A lender will not be civilly liable if a violation of the Act is done unintentionally as a result of clerical error. 15 U.S.C. § 1640. Courts have found, however, that failure to provide the disclosure in a form the borrower could keep is not the kind of clerical error excepted under the statute. See Polk v. Crown Auto, Inc., 221 F.3d 691, 692 (4th Cir. 2000) (reversing summary judgment in favor of defendant and granting judgment in favor of plaintiff when plaintiff was not given disclosures in form that he could keep prior to the consummation of the transaction); Floyd v. Security Finance Corp. of Nevada, 181 F. Supp. 2d 1137, 1143 (D. Nev. 2001) (granting summary judgment in favor of plaintiff borrower who was not given disclosure of financing terms in a form she could keep prior to the consummation of the transaction).

Unlike the Federal Odometer Act and the Illinois Vehicle Code, civil liability under this section does not depend on the defendant's intent to defraud. 15 U.S.C. § 16409(a). Instead, the statute provides civil liability for any failure to comply with TILA requirements. Id.

Again, Jojo and Lapite, by their unresponsiveness, have conceded several key facts leading to liability. In her Requests for Admissions, Decos asked them to admit that they "did not provide Tania Decos with the required Truth in Lending Disclosures prior to the consummation of the sale in a form that she could keep." ¶ 13. Additionally, in the Statement of Uncontested Facts, Decos asserted that the signing of the retail installment contract consummated the transaction and that neither defendant provided Decos with the disclosures in a form she could keep prior to the consummation. ¶¶ 25, 26. While it may be possible for a defendant to avoid civil liability for a *de minimis* violation of the TILA, in factually similar situations courts have specifically stated that the defendant's violation was not *de minimis*. Floyd, 181 F. Supp. 2d at 1142. Regardless, Jojo and Lapite have not responded, and thus, their violation of the Truth in Lending Act is established.

## CONCLUSION

For the aforementioned reasons, Decos' motion for summary judgment is granted in its entirety.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated: _____ April 17, 2002 _____